UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JASON MARTIN, | ) | Case No. LA CV 12-09503-VBF-JC |
| | ) | |
| Petitioner, | ) | ORDER Overruling Petitioner's |
| | ) | Objections & Supplemental Objections, |
| v. | ) | Adopting the R&R, Denying the Habeas |
| | ) | Corpus Petition, and Terminating this |
| | ) | Action |
| RON BARNES, Warden, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus by a Person in State Custody ("the petition") and accompanying memorandum (CM/ECF Document ("Doc") 1), the respondent's answer and answer memorandum (Doc 11), the lodged documents (Doc 12), the Report and Recommendation of the United States Magistrate Judge ("R&R") (Doc 19), petitioner's objections and supplemental objections to the R&R (Docs 22 and 24), and the applicable law. The Court has made a *de novo* determination of those portions of the R&R to which petitioner has specifically objected.

This Court, in its discretion, has declined to consider new evidence and arguments which petitioner seeks to present for the first time in his objections. *See Brown v. Roe*, 279 F.3d 742, 745 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000).

Indeed, "'new arguments and factual assertions . . . raised for the first time in objections to

the report and recommendation . . . may not be deemed objections at all.'" *Syed v. M-I, LLC*, 2014 WL 6685966, *7 (E.D. Cal. Nov. 26, 2014) (Ishii, Sr. J.) (quoting *Razzoli v. FBOP*, 2014 WL 2440771, *13 (S.D.N.Y. May 30, 2014) (Preska, C.J.), *appeal filed*, No. 14-2033 (2d Cir. June 12, 2014)). The only proper purpose of an objection to an R&R is to identify a specific defect of law, fact, or logic in the Magistrate Judge's analysis. "In [*Thomas v.*] *Arn,* [474 U.S. 140, 106 S. Ct. 466 (1985)], the [Supreme] Court also had this understanding of the purposes of the Magistrates Act, and similarly assumed that objections were to address specific concerns *with the magistrate's report*." *Howard v. Sec'y of HHS*, 932 F.2d 505, 509 (6th Cir. 1991) (emphasis added); *see also Snipes v. Tilton*, 2011 WL 766599, *3 (S.D. Cal. Feb. 25, 2011) (Larry Alan Burns, J.) ("An objection to the R&R would identify something wrong with the R&R, either something in the R&R that should be different, or something omitted from the R&R that should have been included."). An R&R cannot have analyzed an argument or evidence which the objecting party failed to present prior to its issuance, so a Report's "failure" to address such arguments or evidence cannot be a defect.

      Petitioner's objection filed May 6, 2015 **[Doc #22] is OVERRULED**.

      Petitioner's supplemental objection **[Doc # 24] is OVERRULED**.

      The petition for a writ of habeas corpus **[Doc #1] is DENIED**.

      This action is dismissed with prejudice and **TERMINATED**.

      The Court will rule on a certificate of appealability by separate document.

      As required by Fed. R. Civ. 58(a), final judgment will be entered by separate document.

DATED:     June 5, 2015

*Valerie Baker Fairbank*
_____
    Honorable Valerie Baker Fairbank
    Senior United States District Judge